IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BANDAS LAW FIRM PC, a Texas Professional Corporation and CHRISTOPHER BANDAS, <br><br> Plaintiffs, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, an Oklahoma corporation, <br><br> Defendant. | § § § § § § § § § § § § § §  Case No. 2017-cv-95 |

## NOTICE OF REMOVAL

Defendant, LANDMARK AMERICAN INSURANCE COMPANY ("Landmark"), hereby files this Notice of Removal of Case No. 2017DCV-0540-B, from the 117th Judicial District Court for Nueces County, Texas, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for its removal states as follows:

### I.  State Court Action Being Removed

1. The civil action being removed was initiated in the 117th Judicial District Court of Nueces County, Texas, on February 7, 2017, and was assigned docket number 2017DCV-0540-B (the "State Court Action"). A copy of the State Court Action, is attached as **Exhibit B** hereto.

2. This action is removable under 28 U.S.C. § 1441(b) and the Defendant's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(a).

3. A copy of the State Court Action was provided to counsel for Landmark on February 10, 2017. Landmark was not served with the State Court Action until on or about February 17, 2017.

## II. Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

4. This Court has original jurisdiction of this action under 28 U.S.C.. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. The State Court Action alleges that Plaintiff Bandas Law Firm PC is a Texas corporation that maintains its principal place of business in Corpus Christi, Texas. Plaintiff Christopher Bandas is an individual citizen of Texas that resides in Corpus Christi, Texas.

6. Landmark is an insurance company organized and existing under the laws of the state of Oklahoma, with its principal place of business located in Atlanta, Georgia.

## III. Statement of the Case and Basis for Removal

7. Defendant Landmark is an insurance company that issued a claims-made and reported Lawyers Professional Liability Policy, policy number LHR760431, to Plaintiff The Bandas Law Firm PC, effective November 3, 2016 to November 3, 2017 (the "Landmark Policy"). The Landmark Policy provides limits of $1,000,000 per "claim," inclusive of "Claims Expenses," including defense costs. Plaintiff Christopher Bandas is the principal of The Bandas Law Firm PC and also an insured on the Landmark Policy (Christopher Bandas and The Bandas Law Firm PC are collectively referred to as "Bandas" or "Plaintiffs").

8. The State Court Action alleges that Landmark breached the Landmark Policy by failing to provide for payment of defense costs and imposing limitations and additional restrictions not contained within the Landmark Policy.

9. Although not specifically alleged in the State Court Action, the insurance dispute arises out of an underlying lawsuit filed against Plaintiffs in the U.S. District Court for the Northern District of Illinois styled <u>Edelson P.C. v. The Bandas Law Firm P.C. et al</u>, case number 16-cv-11067 (the "<u>Edelson</u> lawsuit"), and Plaintiffs' tender of defense and indemnity of the <u>Edelson</u> lawsuit to Landmark.

10. Landmark has agreed to defend Plaintiffs in connection with the <u>Edelson</u> lawsuit and has allowed Plaintiffs to select independent counsel of their own choosing to defend Plaintiffs in that action subject to a reservation of rights. The State Court Action, however, alleges that Landmark's conduct constitutes a breach of contract.

11. The State Court Action alleges that "Plaintiffs seek[] monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." The State Court Action further alleges, "Additionally, as a statement more specific than required by Rule 47 Plaintiffs seek damages in an amount less than $75,000." In the Prayer for Relief, Plaintiffs seek a judgment against Landmark for actual damages; pre-judgment and post-judgment interest; court costs; treble damages and penalties; attorneys' fees; a declaration that Defendant has a duty to defend Plaintiff in the underlying lawsuit; and all other relief to which Plaintiffs are entitled.

12. At the time of filing of this Notice of Removal, Plaintiffs have demanded payment of defense costs and expenses incurred by Plaintiffs' independent Chicago counsel in connection with the <u>Edelson</u> lawsuit. In addition to the <u>Edelson</u> lawsuit, Plaintiffs have also demanded payment of defense costs incurred by Plaintiffs' independent Chicago counsel on behalf of Bandas in connection with a separate Illinois state court proceeding.

13. The defense costs and expenses presented by Bandas to Landmark to date, when trebled, exceed the $75,000 jurisdictional limit for purposes of 28 U.S.C. §1332(a).

14. Moreover, Plaintiffs' demanded payment of defense costs and expenses to date only include fees and expenses incurred in December 2016 (and a single entry for November 2016). Plaintiffs have yet to submit any demand for payment of defense costs and expenses for the months of January, February, or March 2017, although Plaintiffs' independent counsel has incurred fees and costs in those months through the present. At the time of filing of this Notice of Removal, the underlying Edelson lawsuit remains pending and Plaintiffs continue to pursue coverage, payment, and/or reimbursement of defense costs incurred by Plaintiffs' independent defense counsel.

15. Based on the foregoing, the amount in controversy of this action exceeds $75,000 exclusive of interest and costs. While Plaintiff has alleged that they "seek damages in an amount less than $75,000," such allegations do not control unless made in "good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-1411 (5th Cir. 1995). Where a defendant can show that the amount in controversy actually exceeds the jurisdictional amount removal is proper, unless the plaintiff is able to show that, as a matter of law, it is certain that he or she will not be able to recover more than the damages for which he has prayed in the state court complaint. *Id*. at 1411. This is especially true in Texas where state court pleading rules prevent a party from alleging a specific monetary sum in their pleadings, and nothing prevents a party from recovering more than the general jurisdictional amount of damages stated in the petition. *See* TEX. R. CIV. P. § 47.

16. In addition to the claimed defense costs and expenses for December 2016, and those additional amounts for January, February, and March 2017 (and beyond) that have yet to be submitted, but already incurred (i.e., Plaintiffs' alleged actual damages), the State Court

Action also seeks treble damages, penalties, and attorneys' fees, which must be included in assessing the amount in controversy.  *See Troiani v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 45037 *7-8 (S.D. Tex. July 3, 2006).  Considering treble damages and attorneys' fees sought by Plaintiffs in addition to the actual damages already alleged, the amount in controversy exceeds the $75,000 jurisdiction threshold for diversity jurisdiction.

17. The State Court Action also seeks a declaratory judgment that Landmark owes a duty to defend Bandas in the underlying Edelson lawsuit.  "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.  When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the 'object of the litigation' is the policy and the 'value of the right to be protected' is [the insurer's] potential liability under that policy." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-1254 (5th Cir. 1998) (citations omitted).  Plaintiffs have alleged that Landmark has breached its policy and seeks a judicial declaration that Landmark has a duty to defend Bandas for the Edelson lawsuit and separate state court proceeding against Bandas.  Thus, the value of the right to be protected is Landmark's potential liability under the Landmark Policy or up to the $1,000,000 limits of the Landmark Policy.

18. **The specific rates, amounts, and services charged and incurred by Plaintiffs' independent defense counsel in the pending Edelson lawsuit are confidential and proprietary.  As a result, Landmark has not disclosed the specific rates and amounts incurred or services performed to protect the confidentiality of such information.  To the extent additional, specific detail is required regarding the amounts and rates charged by Plaintiffs' independent defense counsel, Landmark intends to petition the court to file such information and evidence under seal**.

### IV. State Court Process, Pleadings, and Orders and Other Required Attachments

17. The following documents are attached as required by 28 U.S.C. § 1446(a) and Local Rule 81:

**Exhibit A** – An index of documents that are being filed with this Notice;

**Exhibit B** – A Copy of Plaintiff's Original Petition;

**Exhibit C** – Citation for personal service;

**Exhibit D** – State Court Docket Sheet;

**Exhibit E** – A list of all counsel of record, including addresses, telephone numbers, and parties represented;

**Exhibit F** – Notice of Filing of Notice of Removal (State Court Filing); and

**Exhibit G** – Civil Cover Sheet.

Dated this 10th day of March, 2017.

Respectfully submitted,

*/s/ Michael S. Knippen*

_____
Michael S. Knippen
State Bar No. 00788787
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
303 W. Madison St., Suite 1200
Chicago, Illinois 60606
(312) 332-3900
(312) 332-3908 (fax)
mknippen@traublieberman.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2017, I sent the foregoing **NOTICE OF REMOVAL,** with exhibits, via email and by depositing a copy in the United States mail, postage pre-paid, before the hour of 5:00 p.m., to be delivered to the persons at the address listed herein:

    Eric Stewart
    estewart@husemanstewart.com
    John Swallow
    jswallow@husemanstewart.com
    Huseman & Stewart, PLLC
    615 N. Upper Broadway, Suite 2000
    Corpus Christi, Texas 78401
    Tel. (361) 883-3563
    Fax (361) 883-0210

    **Counsel of Record for Plaintiffs The Bandas Law Firm PC**
    **and Christopher Bandas**

                                        /s/ Michael S. Knippen