IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BANDAS LAW FIRM PC, a Texas Professional Corporation and CHRISTOPHER BANDAS, § § § § § § § § § § § § § | | Case No. 2017-cv-95 |
| Plaintiffs, | | |
| v. | | |
| LANDMARK AMERICAN INSURANCE COMPANY, an Oklahoma corporation, | | |
| Defendant. | | |

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL PETITION**

NOW COMES Defendant, LANDMARK AMERICAN INSURANCE COMPANY ("Landmark"), by and through its attorneys Traub Lieberman Straus & Shrewsberry, LLP, and for its Answer & Affirmative Defenses to Plaintiffs BANDAS LAW FIRM PC and CHRISTOPHER BANDAS (collectively, "Bandas") Original Petition, states as follows:

I.   PARTIES

1.   Plaintiff BANDAS LAW FIRM, PC is a Texas corporation that maintains its principal place of business at 500 N. Shoreline Blvd., Ste. 1020, Corpus Christi, Texas 78401.

**ANSWER:   On information and belief, Landmark admits the allegations of paragraph 1.**

2.   Plaintiff CHRISTOPHER BANDAS is an individual that resides in Corpus Christi, Nueces County, Texas.

**ANSWER:   On information and belief, Landmark admits the allegations of paragraph 2.**

3.     Defendant LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") is an insurance company doing business in Nueces County, Texas that on information and belief maintains its home office and principal place of business at 945 East Paces Ferry Rd., Ste. 1800, Atlanta, Ga 30326.  Although Landmark conducts business in Texas through the sale of insurance to Texas residents, it does not maintain a registered agent for service of process and may be served through the Texas Secretary of State.

**ANSWER:   Landmark admits that it is a surplus lines insurance company doing business in Nueces County, Texas, and that it maintains its principal place of business in Atlanta, Georgia.  Further answering, Landmark admits that it is an Oklahoma corporation.**

## II.     CONDITIONS PRECEDENT

4.     All conditions precedent for recovery have been performed or have occurred.

**ANSWER:   The allegations of paragraph 4 represent legal and not factual assertions, and therefore, no response is required.  To the extent a response is required, Landmark denies the allegations of paragraph 4.**

## III.     JURISDICTION

5.     The claims in this suit are within the jurisdictional limits of this Court.

**ANSWER:   Landmark admits that the claims made by Plaintiffs in this action are within the jurisdictional limits of this Court and that jurisdiction is proper in the U.S. District Court for the Southern District of Texas.  Further answering, Landmark admits that Court has original jurisdiction of this action under 28 U.S.C.. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.**

## IV.     VENUE

6.     Venue is proper under the Texas Civil Practice & Remedies Code § 15.002 as a substantial part of the events or omissions complained of occurred in Nueces County.  The insurance policy was purchased in Nueces County, the policy was negotiated in Nueces County, and the business covered by the policy maintains its place of business in Nueces County.

**ANSWER:** Landmark denies that venue is proper in the 117th Judicial District Court for Nueces County, Texas.  Further answering, Landmark admits that venue is proper in the U.S. District Court for the Southern District of Texas, Corpus Christi Division, in that the subject insurance policy was issued to the Bandas Law Firm PC at its principal place of business in Nueces County.  Landmark does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 6 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

V.   FACTS

7. Plaintiff BANDAS LAW FIRM, PC purchased a Professional Liability Policy (Policy # LHR 760431) from its insurance agent Swingle, Collins & Associates in Dallas, Texas. The policy was issued by Landmark.  The policy period was from November 3, 2016, to November 3, 2017.

**ANSWER:** Landmark admits that it that issued a claims-made and reported Lawyers Professional Liability Policy, policy number LHR760431, to Plaintiff The Bandas Law Firm PC, effective November 3, 2016 to November 3, 2017 (the "Landmark Policy"). Landmark does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 7 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

8. The Professional Liability Policy requires Landmark to provide a defense and indemnity for actions covered by the policy.  Instead of providing a defense pursuant to that policy, Landmark elected to interpose additional restrictions on the contract for insurance.  Specifically, Landmark demanded that counsel representing Bandas and the Bandas Law Firm, PC abide by billing guidelines and substantially reduced hourly rates for defense counsel not contained within the policy of insurance.

**ANSWER:** Landmark admits that the Landmark Policy requires Landmark to pay for certain "Damages" and associated "Claims Expenses," and defend any "Claim" against an Insured seeking "Damages" to which the Landmark Policy applies.  The Landmark Policy, as a written instrument, speaks for itself and any excerpts, characterizations, or summaries of its content may be selective, incomplete, and/or misleading.  Landmark denies any allegations of paragraph 8 that are inconsistent with the Landmark Policy.

**Further answering, Landmark admits that it has agreed to defend Plaintiffs in connection with an underlying lawsuit filed against Plaintiffs in the U.S. District Court for the Northern District of Illinois styled <u>Edelson P.C. v. The Bandas Law Firm P.C. et al</u>, case number 16-cv-11067 (the "<u>Edelson</u> lawsuit"), and has allowed Plaintiffs to select independent counsel of their own choosing to defend Plaintiffs in that action subject to a reservation of rights. Landmark's reservation of rights, as a written instrument, speaks for itself and any excerpts, characterizations, or summaries of its content may be selective, incomplete, and/or misleading. Landmark denies any allegations of paragraph 8 that are inconsistent with Landmark's reservation of rights to Bandas in connection with the <u>Edelson</u> lawsuit. Landmark denies any remaining allegations of paragraph 8.**

## VI.   BREACH OF CONTRACT

9.    Defendant's conduct constitutes a breach of contract as Defendant has failed to comply with the terms and requirements of the policy, including both actual and anticipatory breaches of the terms of the policy in failing to provide for payment of defense costs, instead imposing limitations not found in the contract of insurance.

**ANSWER:   Landmark denies the allegations of paragraph 9.**

10.    Defendants' wrongful conduct was a producing cause of plaintiff's injury, which resulted in damages for loss of benefits under the policies within the jurisdictional limits of the court.

**ANSWER:   Landmark denies the allegations of paragraph 10.**

11.    Plaintiff seeks recovery of unliquidated damages within the jurisdictional limits of this court.

**ANSWER:   Landmark admits that Plaintiffs seek recovery of unliquidated damages within the jurisdictional limits of this Court, but denies that Plaintiffs are entitled to the relief sought in this lawsuit.**

## VII.   DAMAGES

12.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment

interest, and attorney fees.  Additionally, as a statement more specific than required by Rule 47 Plaintiffs seek damages in an amount less than $75,000.

**ANSWER: The allegations of paragraph 12 represent legal and not factual assertions, and therefore, no response is required.  To the extent that a response is required, Landmark admits that Plaintiffs seek monetary relief, including damages, penalties, costs, expenses, pre-judgment interest, and attorney fees, but denies that Plaintiffs are entitled to the relief sought in this lawsuit.  Further answering, Landmark denies that the damages alleged by Plaintiffs total an amount less than $75,000.**

## VIII.   JURY DEMAND

13. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

**ANSWER: Landmark admits that paragraph 13 demands a jury trial. Landmark does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.**

## IX.   REQUEST FOR DISCLOSURES.

14. Under Texas Rule of Civil Procedure Rules 192, 194, and 190.2(b)(6), plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 192, 194, and 190.2(b)(6).

**ANSWER: The allegations of paragraph 14 represent legal and not factual assertions, and therefore, no response is required.  To the extent a response is required, Landmark denies that Texas Rule of Civil Procedure Rules 192, 194, and 190.2(b)(6) apply to this action in the U.S. District Court for the Southern District of Texas.**

## X.   PRAYER FOR RELIEF

15. For the reasons set forth herein, Plaintiff asks that this court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

    a. Actual damages;

    b. Pre-judgment and post-judgment interest;

      c.      Court costs;

      d.      Treble Damages and penalties;

      e.      Attorneys' fees;

      f.      Declaration that Defendants have a duty to defend Plaintiff in the underlying lawsuit; and

      g.      All other relief to which Plaintiff is entitled.

**ANSWER: The allegations of paragraph 15 represent legal and not factual assertions, and therefore, no response is required. To the extent a response is required, Landmark denies that Bandas is entitled to a judgment against Defendant or the relief alleged or sought in paragraph 15.**

**WHEREFORE,** Defendant LANDMARK AMERICAN INSURANCE COMPANY having fully answered Plaintiffs BANDAS LAW FIRM, PC and CHRISTOPHER BANDAS' Original Petition against Landmark, prays that upon final hearing hereof, Plaintiffs take nothing by reason of this lawsuit, and that Landmark recover from Plaintiffs all costs, including attorney's fees and costs of the proceeding and other costs incurred in defending this matter, and for such other and further relief, both general and special, legal and equitable, to which Landmark may be justly entitled.

\
\
\
\
\
\
\
\
\
\
\
\
\

6

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiffs' Original Petition, Defendant LANDMARK AMERICAN INSURANCE COMPANY states as follows:

### First Affirmative Defense

Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs fail to state a cause of action against Defendant Landmark in that Landmark has agreed to defend Bandas in connection with the underlying Edelson lawsuit subject to a reservation of rights and the allegations fail to plead or show that Plaintiffs have incurred any costs or damages in connection with Landmark's defense of Plaintiffs in the underlying Edelson lawsuit.

### Third Affirmative Defense

Landmark's duty to pay or reimburse "Claim Expenses" or defense costs for Bandas' defense in the underlying action is limited to those costs and expenses that are "reasonable and necessary" to Bandas' defense of the Edelson Lawsuit.

### Fourth Affirmative Defense

Plaintiffs have failed to satisfy all conditions precedent to coverage under the Landmark Policy in that Plaintiffs have failed to provide all necessary information required to investigate the claim and Plaintiffs' demand for payment of independent counsel defense costs and expenses.

### Fifth Affirmative Defense

Landmark pleads the terms, conditions, exclusions, and limitations of the Landmark Policy issued by Landmark American Insurance Company to The Bandas Law Firm PC.

Landmark would show that the policy issued by Landmark upon which this suit is predicated is subject to certain provisions, limitations, and exclusions of coverage which may be applicable to the loss in question and which therefore may limit or exclude entitlement to any recovery, including but not limited to, satisfaction of the policy's Insuring Agreement, whether the <u>Edelson</u> lawsuit alleges or seeks covered "Damages" as defined by the Landmark Policy, Exclusion A., Exclusion N., Exclusion G., the "Co-Counsel/Fee Sharing/Referrals Warranty" Endorsement, application of the "other insurance" condition, deductibles, among other provisions, that may be applicable to Plaintiffs' loss.

### **Sixth Affirmative Defense**

The Landmark Policy contains limits of $1,000,000 per Claim and $1,000,000 in the aggregate, subject to a $25,000 per Claim deductible. Regardless of the number of persons or entities Insured or included in Part I., E. Covered Persons and Entities, or the number of claimants or Claims made against Bandas, the maximum liability of Landmark for "Damages" and "Claim Expenses" resulting from each Claim first made against the Insured during the Policy Period shall not exceed the amount shown in the Declarations as each Claim ($1,000,000 per claim). Moreover, Landmark shall not be obligated to pay any Claim for "Damages" or defend any Claim after the applicable Limit of Liability has been exhausted by payment of judgments, settlements, "Claim Expenses" or any combination thereof. "Claim Expenses" under the Landmark Policy are part of and not in addition to the applicable Limits of Liability. Payment of "Claim Expenses" by Landmark reduces the applicable Limits of Liability.

### **Seventh Affirmative Defense**

Defendant Landmark reserves the right to assert additional affirmative defenses in accordance with applicable rules.

Dated this 17th day of March, 2017.

                                        Respectfully submitted,

                                        */s/ Michael S. Knippen*

                                        _____

                                        Michael S. Knippen
                                        State Bar No. 00788787
                                        TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
                                        303 W. Madison St., Suite 1200
                                        Chicago, Illinois 60606
                                        (312) 332-3900
                                        (312) 332-3908 (fax)
                                        mknippen@traublieberman.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 17th, 2017, I filed the foregoing DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION with the Court's CM/ECF system, which will provide notice to all counsel of record registered to receive such notice, and further sent the foregoing via email and by depositing a copy in the United States mail, postage pre-paid, before the hour of 5:00 p.m., to be delivered to the persons at the address listed herein:

  Eric Stewart
  estewart@husemanstewart.com
  John Swallow
  jswallow@husemanstewart.com
  Huseman & Stewart, PLLC
  615 N. Upper Broadway, Suite 2000
  Corpus Christi, Texas 78401
  Tel. (361) 883-3563
  Fax (361) 883-0210

  **Counsel of Record for Plaintiffs The Bandas Law Firm PC and Christopher Bandas**

                /s/ Michael S. Knippen