IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BANDAS LAW FIRM, PC and<br>CHRISTOPHER BANDAS | §<br>§<br>§ | CIVIL ACTION |
| v. | §<br>§ | NO. 2:17-cv-00095 |
| LANDMARK AMERICAN INSURANCE<br>COMPANY | §<br>§<br>§ | |

## MOTION TO SEAL EXHIBITS

NOW COME Plaintiffs, Bandas Law Firm, PC and Christopher Bandas, and ask the court to seal certain exhibits to Plaintiffs' Request for Preliminary Injunction which are filed contemporaneously herewith under seal in a separate docket entry; and in support thereof, Plaintiffs would respectfully show the court the following:

**1.      Introduction.**

1.1.    Plaintiffs respectfully request the court enter an order sealing the following exhibits in support of Plaintiffs' Request for a Preliminary Injunction, which are filed contemporaneously herewith in a separate document under seal:

   Exhibit 1:  Declaration of Christopher A. Bandas
     Exhibit 1A:  February 17, 2017 Letter to Huseman & Stewart
     Exhibit 1B:  Landmark Professional Liability Insurance Policy
     Exhibit 1C:  January 16, 2017 Reservation of Rights Letter
   Exhibit 2:  Declaration of Matthew Connelly
   Exhibit 3:  Declaration of Alexander Vesselinovitch

1.2.    Plaintiffs Bandas Law Firm, PC and Christopher Bandas filed the present suit in Texas state court seeking a declaration that Landmark has a duty to defend Plaintiffs in in Cause No. 1:16-cv-11057, *Edelson PC, et al. v. Bandas Law Firm, P.C., et al.* ("*Edelson*") and requesting attorney fees, costs, and other damages for Landmark's failure to assume their duty of defend pursuant to the

terms of Plaintiffs' professional liability policy. Landmark removed this case to federal court on March 10, 2017.

1.3. The *Edelson* lawsuit is a personal attack on Mr. Bandas and an attempt to intimidate Mr. Bandas from continuing to represent objectors in class action suits.

1.4. The exhibits cited above and filed herewith are in support of Plaintiffs' Request for a Preliminary Injunction, and they are cited therein. The exhibits relate to personal financial information of Mr. Bandas, provide confidential and personal information relating to Plaintiffs' defense counsel, and have the potential to hinder Plaintiffs' defense in *Edelson* if made part of the public record.

1.5. Justice would be served by the Court sealing the records in this case.

## 2. Argument & Authorities.

2.1. "[T]he decision as to access is one left to the sound discretion of the trial court."[1] In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure.[2]

2.2. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[3] The common law merely establishes a presumption of public access to judicial records, but it is not absolute, and "the district court has discretion to seal the record of judicial proceedings."[4]

---

[1] *Nixon*, 435 U.S. at 599; *Newman*, 696 F.2d at 803.

[2] *See Nixon*, 435 U.S. at 599 (court must consider "relevant facts and circumstances of the particular case"); Belo, 654 F.2d at 434; see also *Bank of America Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 344 (3d Cir.1986) (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

[3] *Nixon*, 435 U.S. at 598.

[4] *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987); *SEC v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. Tex. 1993).

2.3. A court may seal judicial records if the interests favoring non-disclosure in a particular case outweigh the presumption in favor of the public's common-law right of access to judicial records.[5]

2.4. Landmark is currently holding Plaintiffs' defense in *Edelson* hostage to obtain a reduction in defense counsel rates. To enforce its rights under the policy, Plaintiffs were required to file a suit seeking a declaration that Landmark has a duty to defend and seeking damages for Landmark's breach of contract.

2.5. Plaintiffs should not be required to potentially hinder their defense by disclosing personal financial information, confidential information regarding defense counsel, and/or privileged information relating to the *Edelson* defense.

2.6. In this case, the public has very little interest in the information, which relate to areas covered by privacy or privilege, such as Plaintiffs' financial situation, and privileged meetings and conversations with counsel. Furthermore, there is a considerable interest in keeping these records sealed because they could be potentially damaging to the *Edelson* defense and contain.

2.7. Finally, Plaintiffs should not be required to air their laundry and disclose potentially damaging information relating to its defense so that they can obtain a preliminary injunction requiring Landmark to assume the costs of defense.

2.8. The public has very little interest in this information; whereas, Plaintiffs have a substantial interest in keeping this information sealed and to prevent its improper use by defense counsel.

3. **Conclusions & Prayer.** For the reasons set forth above, Plaintiffs respectfully request the Court seal certain exhibits to Plaintiffs' Request for Preliminary Injunction which are filed

---

[5] *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013); *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221–22 (3d Cir. 2011).

contemporaneously herewith in a separate, sealed docket entry.

                                      Respectfully submitted,

                                      _____/s/  John Swallow  /s/_____
                                      VAN HUSEMAN
                                      State Bar No.: 10323500
                                      S.D. Tex. Federal ID:  1167
                                      vhuseman@husemanstewart.com
                                      ERIC STEWART
                                      State Bar No.: 24058133
                                      S.D. Tex. Federal ID: 776675
                                      estewart@husemanstewart.com
                                      JOHN SWALLOW
                                      State Bar No.: 24085611
                                      S.D. Tex. Federal ID: 2050611
                                      jswallow@husemanstewart.com

                                      **HUSEMAN & STEWART, PLLC**
                                      615 N. Upper Broadway, Suite 2000
                                      Corpus Christi, TX 78401-0781
                                      Tel:   (361) 883-3563
                                      Fax:  (361) 883-0210

## CERTIFICATE OF CONFERENCE

On April 4, 2017, the undersigned counsel for Plaintiffs made contact with counsel for Defendant. Defendant is opposed to the Motion to Seal Exhibits.

/s/ Eric Stewart /s/
ERIC STEWART

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was this 4th day of April, 2017, served via fax and/or CM/ECF on:

Traub Lieberman Straus & Shrewsberry
Brian C. Bassett
Jason Taylor
303 West Madison Street, Ste. 1200
Chicago, IL 60606
312-332-3900
312-332-3908 (Fax)
jtaylor@traublieberman.com
bbassett@traublieberman.com

/s/ Eric Stewart /s/
ERIC STEWART