**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| BANDAS LAW FIRM, PC, and CHRISTOPHER BANDAS<br><br>Plaintiffs,<br><br>v.<br><br>LANDMARK AMERICAN INSURANCE CO.,<br><br>Defendant. | Case No.: 2:17-cv-00095<br><br>Hon. Nelva Gonzales Ramos |

**NON-PARTY ROSS GOOD d/b/a SERIALOBJECTOR.COM'S
MOTION TO INTERVENE AND OPPOSITION TO MOTION TO SEAL**

**I.    Introduction**

Non-party Ross Good d/b/a SerialObjector.com ("SerialObjector.com") operates the sole comprehensive repository of information relating to objectors to class action lawsuits. SerialObjector.com's mission is to "identify attorneys and individuals who repeatedly hold up [class action] settlements by objecting and appealing" and to provide its readers "with facts and links to publicly available records." Serial Objector, http://www.serialobjector.com. To that end, SerialObjector.com maintains files on dozens of repeat class action objectors, which are mainly composed of publicly available court documents. Among those objectors are Plaintiffs Christopher Bandas and the Bandas Law Firm PC ("Bandas"). At last count, Bandas has objected to at least 69 class action settlements in federal and state courts nationwide. Serial Objector, *Persons*, http://www.serialobjector.com/persons. As such, Bandas and any litigation relating to the objections he brings are a subject of significant interest to SerialObjector.com and its readers.

1

This insurance coverage action stems from a civil RICO suit brought against Bandas in relation to his objections to class action lawsuits. Bandas has filed a motion for a preliminary injunction to require his insurance company to advance his defense costs, (dkt. 7) but he has sought to seal key exhibits he filed in support of that motion, (dkt. 8). In light of SerialObjector.com's mission and the strong presumption in favor of public access to court documents, SerialObjector.com respectfully requests that the Court permit SerialObjector.com to intervene and that the Court deny Bandas's motion to seal.

**II.     SerialObjector.com Should Be Permitted to Intervene to Secure Its Right to Access Documents Filed in this Court.**

"Representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion from the proceedings or access to documents," and a motion for intervention is the proper procedural vehicle to exercise that opportunity. *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) (quoting *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998)). The Fifth Circuit and every other "circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (citing, among others, *In re Beef Industry Antitrust Litig.*, 589 F.3d 786, 789 (5th Cir. 1979)); *see also Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006) ("Nonparties to a case routinely access documents and records under a protective order or under seal in a civil case through motions for permissive intervention under Rule 24(b)(2).").

As an online media outlet devoted specifically to reporting on the actions of lawyers who object to class action lawsuits, SerialObjector.com has a strong interest in ensuring that the proceedings in this case are public. Although Defendant could also oppose Bandas's request to seal the documents, it does not have the same incentive to advocate for openness in court

proceedings and the important public interest inherent in that openness. Accordingly, SerialObjector.com should be permitted to intervene in this action for the limited purpose of opposing requests to seal documents and hide the proceedings in this case from the public.

### III. Bandas Does Not Provide Sufficient Justification to Overcome the Strong Presumption of Public Access to Court Records.

"A judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal and must not simply rubber stamp a stipulation to seal the record." *Prater v. Commerce Equities Mgmt. Co.*, No. CIV.A. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (internal quotation marks omitted); *see also Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily."). Rather, a district court's decision to seal court records must be made in light of the "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (citing *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)). "In analyzing requests to seal court documents, courts emphasize the presumption of public access to judicial records and require a more stringent showing than the good-cause showing required to limit access to document exchanged in discovery." *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2011 WL 649139, at *5 (S.D. Tex. Feb. 10, 2011).

The grounds Bandas cites for keeping the documents he submitted in support of his motion for a preliminary injunction are entirely insufficient to make that stringent showing. Bandas argues that he should not be required to "potentially hinder [his] defense" by "disclosing personal financial information, confidential information regarding defense counsel, and/or privileged information relating to the *Edelson* defense." (Dkt. 8 at 3.) But Bandas fails to explain

3

how any of that information could affect his defense in the *Edelson* lawsuit. To the contrary, the type of information he cites are routinely disclosed to the public in the course of litigation when individuals access the legal system.

First, while detailed financial information such as "specific investment amounts or value of … investments" might be appropriately filed under seal, "general references" to a party's "wealth or alleged net worth" should be available for public inspection. *Ins. Distributors Int'l (Bermuda) LTD. v. Edgewater Consulting Grp. LTD.*, No. A-08-CA-767 AWA, 2010 WL 3064003, at *2 (W.D. Tex. Aug. 2, 2010). Bandas has not indicated that any of the exhibits he seeks to seal contain tax returns, bank statements, or any other highly specific information that needs to be kept private.

Next, the information Bandas seeks to seal regarding defense counsel appears to relate to their fees. But the Fifth Circuit has repeatedly held such information to be unprivileged and appropriate for public court filings. *See, e.g.*, *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) ("Attorneys' fees, after all, are not state secrets that will jeopardize national security if they are released to the public."); *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 913 F.2d 1118, 1123 (5th Cir. 1990) ("We have long recognized the general rule that matters involving the payment of fees and the identity of clients are not generally privileged"). It should therefore be available to the public.

Third, although Bandas argues that the documents should be sealed based on privilege, none of the exhibits Bandas filed with the Court appear to be privileged attorney-client communications. Even if any of those documents were privileged before, they certainly aren't anymore, as Bandas has chosen to share them with the Court and with opposing counsel in this lawsuit. *See United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("[W]hen

confidential communications are voluntarily disclosed to one person, the privilege is waived as to all others."). They, too, can be filed in the public record.

Finally, Bandas argues that that "[t]he public has very little interest in this information," (dkt. 8 at 3), but that is both false and irrelevant. It is false because, as explained above, SerialObjector.com is a member of the public whose mission is to provide information about Bandas and other objectors to the public at large. SerialObjector.com and its readers have a strong interest in having the most complete and up-to-date information possible regarding that subject matter. It is irrelevant because "[t]he Fifth Circuit has explained that the presumptive right of public access to judicial records applies even when the information may not be of particular interest to the public." *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2011 WL 649139, at *5 (S.D. Tex. Feb. 10, 2011) (citing *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008)). Documents filed in courts should be public to advance and encourage the public's trust in the judicial system in general, not necessarily because the public has any specific interest in viewing a certain document. *See Holy Land*, 624 F.3d at 690 ("The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself.").

Ultimately, courts in this district regularly deny requests to seal records when they are not accompanied by a compelling statement of reasons that the documents must be kept from public view. *See, e.g.*, *Prater*, 2008 WL 5140045, at *9-10; *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2014 WL 12599343, at *1 (S.D. Tex. May 14, 2014); *Elbertson v. Chevron, U.S.A., Inc.*, No. CIV.A. H-10-0153, 2010 WL 4642963, at *2 (S.D. Tex. Nov. 9, 2010). Bandas's generic protestations are insufficient to overcome the strong presumption in favor of the public's common law right to inspect court records, and his motion to seal should be denied.

**IV.     Conclusion**

SerialObjector.com respectfully requests that the Court enter an order 1) granting SerialObjector.com leave to intervene pursuant to Federal Rule of Civil Procedure 24; 2) denying Bandas's motion to seal; and 3) granting any such further relief as it deems reasonable and just.

Dated April 11, 2017                           s/Ross M. Good

Ross M. Good (*pro hac vice* application to be filed)
Attorney-in-Charge
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone:  847-368-1500
Fax:  847-368-1501
rgood@anderseonwanca.com

-and-

s/ Jeffrey L. Raizner
Jeffrey L. Raizner
Local Counsel
Texas Bar No. 00784806
S.D. Tex. No. 15277
2402 Dunlavy Street
Houston, Texas 77006
Telephone: 713-554-9099
Fax: 713-554-9098
efile@raiznerlaw.com

## **CERTIFICATE OF SERVICE**

  I certify that on April 11, 2017, I caused to be served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted on all counsel of record via the court's CM/ECF electronic filing system.

                 /s Jeffrey L. Raizner